**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ANIBAL ARROYO,

                                   Plaintiff,

             v.                                              1:21-CV-1250 (GLS/DJS)

JANET YELEN, *Secretary of the Treasury*,
and STEVEN MNUCHIN,

                                  Defendants.
_____

**APPEARANCES:**

ANIBAL ARROYO
Plaintiff, *Pro Se*
19-A-4132
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      Plaintiff filed this action on November 22, 2021.  Dkt. No. 1.  He then filed an Amended Complaint, Dkt. No. 3, Am. Compl., which is pending before this Court for review.  Plaintiff has not paid the filing fee but has submitted an application to proceed *in forma pauperis* ("IFP"), Dkt. No. 4, which the Court has granted.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.*

- 3 -

at 679 (quoting FED. R. CIV. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

The Amended Complaint alleges, in fairly conclusory terms, that Plaintiff is eligible for federal stimulus payments under the Cares Act.  Am. Compl. at ¶¶ 7-9.  He further alleges that the Defendants have failed to provide those payments and seeks injunctive relief directing payment.  *Id.* at ¶ 10 & "Wherefore Clause."

### C.  Analysis of the Complaint

First, the Complaint, which seeks only injunctive relief, must be dismissed as to Defendant Mnuchin, the former Secretary of the Treasury, as moot.  *See*, *e.g.*, *Smith v. Perez*, 2020 WL 2307643, at *6 (D. Conn. May 8, 2020) (dismissing claim against official "who is no longer in office and has no authority to grant [plaintiff] prospective relief"); *Correction Officers Benev. Ass'n v. Kralik*, 2009 WL 856395, at *5 (S.D.N.Y. Mar. 26, 2009) (same).

This Court also recommends that the Complaint be dismissed with respect to the current Secretary of the Treasury.  The Amended Complaint alleges only a violation of the Cares Act.  Am. Compl. at ¶ 9.  However, courts considering claims brought under

the Cares Act have repeatedly found that it provides no private right of action, express or implied, that would permit Plaintiff to maintain this action. *See, e.g.*, *Horvath v. JP Morgan Chase & Co.*, 2022 WL 80474, at *5 (S.D. Cal. Jan. 7, 2022) (citing cases); *McClendon v. Bernard*, 2021 WL 5567369, at *2 (E.D. Ark. Nov. 29, 2021) (citing cases); *Byrd v. Internal Revenue Serv.*, 2021 WL 4860198, at *2 (D. Utah Oct. 19, 2021); *but see Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 672 (N.D. Cal. 2020) (discussing claims related to Administrative Procedure Act). Moreover, Plaintiff pled in purely conclusory fashion that he is eligible for the stimulus payments under the Cares Act but has not specifically pled that he meets the specific eligibility requirements under 28 U.S.C. § 6428. His conclusory pleading is insufficient to permit the claim to proceed. *See Smith v. Westchester Cty.*, 769 F. Supp. 2d 448, 465 (S.D.N.Y. 2011) (it is insufficient for a plaintiff to "merely assert that he was eligible" for protection under federal statute but instead must specifically plead eligibility requirements of the statute).

For the reasons set forth above, the Court recommends that the Amended Complaint be dismissed.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 21, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).